## WILLIAM ELLIGOOD v. JAMES ONEAL.

Court of Common Pleas.   Sussex.   November 27, 1800.

*Wilson's Red Book, 318.*[*]

*Horsey, Vining, Ridgely,* and *Bayard* for plaintiff.   *Cooper, Wilson,* and *Hall* for defendant.

Defendant's counsel [*Wilson*].   The words laid in the first count are not actionable, and *a fortiori* those in the last are not. The word rogue has often been determined in England not to be actionable; a collection of cases of this sort are found, 1 Com.Dig. 268, Str. 696.   Joined with actionable words, it has been held actionable, 1 Com.Dig. 251, but in no instance when the other words would not alone have sustained an action.   It is a general principle that words subjecting to corporal punishment are slanderous, and to be a rogue is punishable by our Laws, 1 Del.Laws 346, but to be a rogue is also punishable in England, 4 Bl.Comm. 169, and yet by their determinations it is not actionable to call a man "rogue."   The legal signification of "rogue" makes it always a poor and disorderly person, but the vulgar acceptation of the term is synonymous with dishonest; in this sense it would not be actionable, and the words should be taken in the sense of the speaker and hearers.   The words "harborer of Negroes" are

---

[*] This case is also reported in *Rodney's Notes.*

not actionable, for we have no law prohibiting the harboring of Negroes, more than of white people. By 1 Del.Laws 216, to harbor the servant or slave of another knowingly, and without the master's consent, except in stress of weather, is finable, but this is different language and different in meaning. If any words in the declaration are actionable, the words "harborer of thieves" are the ones, for to harbor a thief is punishable. But it is a rule that the words should charge a fact to have been committed, 2 Esp.N.P. 496. If the expressions had been, "He harbored thieves," the meaning would have been different, and yet it must be acknowledged to call a man a murderer is a sufficient charge of the fact. Under the justification defendant may show the application of the words used not to be slanderous, though they may import slander, 2 Esp.N.P. 517. It is in evidence plaintiff's Negro was a thief, and if the words were spoken of him they are clearly not actionable. We have also proved that a white woman, whom he harbored and in some measure supported, was a thief, and the words may be true.

Plaintiff's counsel [*Bayard*]. The statute which provides a punishment for rogues in England was made since all of the adjudged cases that have been shown, and therefore upon the general principle which has been admitted, to call a man "rogue" in England is at this day actionable. And so also upon the footing of our Act of Assembly of 1753 [1 Del.Laws 347,] it is a safe conclusion that the same expressions here are slanderous; and as no particular signification of the term has been proved, the legal signification is the true one. It must be acknowledged, "harborer of thieves," does not so charge a fact, as that a conviction on them would be good. Yet how can a man be an harborer of thieves, who has never harbored a thief; then the words, necessarily importing a punishable offence, are indubitably slanderous. There is no ground for saying the intention was qualified, and the words in their particular application not slanderous, for we prove them spoken again and again.

BOOTH, C. J. This cause has been so fully argued that it is unnecessary the Court should say anything of the evidence. There seems to be but one point of law controverted, that is, whether the words are actionable. We are of opinion that the words "harborer of thieves" are actionable, but the sense of the words, and construction of them, gentlemen, is with you. The plaintiff must prove the words; after this is done, it is incumbent on the defendant in order to sustain his defense to prove that the words are true.

Verdict for plaintiff [for] fifty cents on second count.